UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JOHN LOMAX,                                    Case No. 18-cv-898

       Plaintiff,                                 HON. JANET T. NEFF

v

UNIVERSAL CABLING SYSTEMS, INC. and
DAVID DOUMA,

       Defendants.

---

Gregory J. McCoy (P51419)              Andrew C. Vredenburg (P45359)
CUNNINGHAM DALMAN, P.C.                 Karl W. Butterer (P51448)
Attorneys for Plaintiffs                FOSTER SWIFT COLLINS & SMITH PC
321 Settlers Road                       Attorneys for Defendants
Holland, Michigan 49423                 1700 East Beltline, N.E., Suite 200
(616) 392-1821                          Grand Rapids, Michigan  49525
                                        (616) 726-2200

---

# DEFENDANTS' SECOND AMENDED ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND DEMAND FOR TRIAL BY JURY

NOW COME Defendants, Universal Cabling Systems, Inc. and David Douma, by and through their attorneys Foster, Swift, Collins & Smith, PC and for their First Amended Answer to Plaintiff's Complaint, state as follows:

## I.     INTRODUCTION

1.     This is an action by Plaintiff against his former employer for violation of the minimum wage and overtime provision of the Fair Labor Standards Act ("FLSA") and the Michigan's Workforce Opportunity Wage Act ("MWOWA"), as well as claims for breach of contract and unjust enrichment pursuant to Michigan's common law.

—FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS—

ANSWER:   **Defendants deny any violation of the minimum wage and overtime provisions of the Fair Labor Standards Act and the Michigan Workforce Opportunity Wage Act.  Defendants further deny that they breached any contract or committed the tort of unjust enrichment under Michigan's common law. Defendants admit that Plaintiff is a former employee of Universal Cabling Systems, Inc.**

2.      In addition, Plaintiff complains that Defendants retaliated against Plaintiff in violation of 29 USC 215 by terminating Plaintiff's employment, or otherwise discriminating against Plaintiff, in whole or part because Plaintiff complained to Defendants regarding the failure of the Defendants to follow applicable wage laws.

ANSWER:   **Defendants admit that Universal Cabling Systems, Inc. terminated Plaintiff's employment.  Defendants deny the remaining allegations.**

3.      These violations of the law by Defendants were knowing, deliberate and willful.

ANSWER:   **Defendants deny the allegations.**

## II.      ALLEGED JURISDICTION AND VENUE

4.      This action arises in part under 29 U.S.C. § 201, et. Seq. of the FLSA.  The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b).

ANSWER:   **Defendants admit that this Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.  Defendants deny any remaining allegations which may seek to imply violations of the law.**

5.      This action also arises pursuant to Michigan's Workforce Opportunity Wage Act, MCL 408.411 et seq, and Michigan's common law.

ANSWER:   **Defendants admit that Plaintiff's Complaint includes a claim under Michigan's Workforce Opportunity Wage Act, MCL 408.411 et seq., and Michigan's common law.  Defendants deny any remaining allegations which imply violations of the law.**

2

6.      Plaintiff requests supplemental jurisdiction be extended over these related state law claims since they are substantially related to the FLSA claim and they form part of the same case or controversy under Article III of the United States Constitution.  28 USC 1367.

**ANSWER:      Defendants admit that this Court may extend supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.  Defendants deny that this Court should exercise supplemental jurisdiction over the state law claims.**

7.      Upon the information and belief of Plaintiff, is covered by the FLSA's Enterprise Coverage.

**ANSWER:      Defendant Universal Cabling Systems, Inc. admits that it is an "Enterprise engaged in commerce or in the production of goods for commence" under 29 U.S.C. § 203(s)(1)(A) and that Plaintiff was an employee of this Defendant. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

8.      Defendant Universal is believed to have annual gross sales of more than $500,000.

**ANSWER:      Defendant Universal Cabling Systems, Inc. admits that it has annual gross sales or more than $500,000.  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

9.      Defendant Universal is engaged in commerce, the production of goods for commerce or have employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.  29 USC 203.

**ANSWER:      Defendants admit the allegations.**

10.      In addition, the work performed was sometimes outside the State of Michigan, since some of the work was performed in Indiana.

3

**ANSWER:     Defendants admit that Defendant Universal Cabling Systems, Inc. performed some work in Indiana.  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

11.     In the alternative, even if Defendant Universal's gross income did not reach $500,000.00, the Plaintiff has Individual Coverage via his job duties and their relationship with interstate commerce since, among other things, it involved the installation of cabling intended for interstate communications, and he performed work out-of-state.

**ANSWER:     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

12.     Defendant Universal is a Michigan corporation headquartered in Grand Rapids, MI, so venue is proper in the Western District of Michigan.  28 USC 1391.

**ANSWER:     The allegations are admitted.**

### III.     PARTIES AND GENERAL ALLEGATIONS

13.     Plaintiff was an employee of Defendants from the period March, 2016 until December 8, 2017.  29 USC 203(e); 29 USC 203(g).

**ANSWER:     Defendants admit that Plaintiff was an employee of Defendant Universal Cabling Systems, Inc. under 29 U.S.C. § 203(e) and 29 U.S.C. § 203(g) for a period of time.  Defendants terminated Plaintiff on or about December 12, 2017.   As to remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

14.     Defendant Universal was an employer of Plaintiff as defined by the FLSA and MWOWA.  29 USC 203(d); MCL 408.412.

**ANSWER:     This allegation is admitted.**

—FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS—

15.     Defendant Douma is the President, owner and manager of Defendant Universal.

**ANSWER:     This allegation is admitted.**


16.     Defendant Douma is an "employer" under the FLSA and MWOWA, and has joint and several liability under the FLSA and MWOWA since he has operational control of Universal, he makes all or substantially all decisions regarding payment of wages to employees, and he acts directly in the interests of Universal in relation to its employees, including Plaintiff. 29 USC 203(d); MCL 408.412.

**ANSWER:     Defendants deny that Defendant Douma has joint and several liability under the cited statutes.  As to the remaining allegations, Defendants admit the allegations.**


17.     Beginning on or about August, 2016, the Plaintiff was directly hired by Defendant Universal, after previously working with Defendants, who was a joint employer, through a temporary agency starting in March, 2016.

**ANSWER:     Defendants admit that Defendant Universal Cabling Systems, Inc. hired Plaintiff as an employee and Plaintiff worked with Defendants for a period of time.  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**


18.     Once working directly with Defendants, it was agreed Plaintiff would work at a specified hourly rate, which was initially $16.50 per hour and increased to $19.50 per hour.

**ANSWER:     Defendants admit Plaintiff worked for $16.50 per hour and then $19.50 per hour.  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**


19.     The work primarily involved installing phone and computer cables at various customers throughout the State of Michigan.

—FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS —

**ANSWER:**    **This allegation is admitted, except Plaintiff did not perform work in the upper peninsula.**

20.    In workweeks that Plaintiff worked in excess of 40 hours, Defendants failed to pay the statutory minimum wage for all hours worked.  MCL 408.413 and 408.414.

**ANSWER:**    **This allegation is denied for the reason that it is untrue.**

21.    There were also many weeks where Plaintiff worked in excess of 40 hours, and he was paid nothing for many of the overtime hours.

**ANSWER:**    **This allegation is denied for the reason that it is untrue.**

22.    These violations of the law by Defendants were knowing, deliberate and willful.

**ANSWER:**    **This allegation is denied for the reason that it is untrue.**

23.    When Plaintiff complained constantly to Defendants about the failure to pay a proper wage the relationship between him and Defendant Douma changed considerably and he was often berated by Defendant Douma and ultimately terminated for a fabricated reason.

**ANSWER:**    **This allegation is denied for the reason that it is untrue.**

## COUNT I
## Alleged FLSA Minimum Wage Violation

24.    Plaintiff realleges the paragraphs above.

**ANSWER:**    **Defendants incorporate by reference their answers to the allegations contained in paragraphs 1 through 23 as if fully stated herein.**

25.    Defendants failed to pay for all hours worked by Plaintiff.

**ANSWER:**    **This allegation is denied for the reason that it is untrue.**

6

26.     The FLSA requires an employer to pay at least $7.25 "an hour".  29 USC 206.

**ANSWER:     This allegation is denied for the reason that it is untrue.**

27.     For example, Plaintiff would often not receive any pay for his drive time in the company vehicle used to transport tools and materials to and from the Defendant's facility in Grand Rapids to customer locations.

**ANSWER:     Defendants deny that Defendants failed to pay for any compensable hours worked by Plaintiff in violation of the Fair Labor Standards Act and Michigan's Workforce Opportunity Wage Act.  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

28.     Defendants may have also failed to pay for work time at customer locations since Defendant Douma sometimes set thresholds of how much overtime he wanted to pay, and just lopped off all hours in excess of that threshold.

**ANSWER:     This allegation is denied for the reason that it is untrue.**

29.     This driving to and from the Defendant's facilities to the customer's location was compensable time.

**ANSWER:     This allegation is denied for the reason that it is untrue.**

30.     By failing to pay anything for each hour of compensable time, Plaintiff was paid zero, which is less than the minimum wage.

**ANSWER:     This allegation is denied for the reason that it is untrue.**

31.     Defendant violated the FLSA by failing to pay the required minimum for all hours worked.  29 USC 206.

—FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS —

**ANSWER:**     **This allegation is denied for the reason that it is untrue.**

WHEREFORE, Defendants request that this Court enter a judgment for no cause of action in its favor, dismissing Plaintiff's action against them with prejudice, find and declare that Plaintiff is ordered to pay the costs and attorney fees incurred by Universal Cabling Systems, Inc. and David Douma in defending this lawsuit, and that this Court provide other such relief as is equitable and in good conscience.

<div align="center">

**COUNT II**
**Alleged FLSA Overtime Violation**

</div>

32.     Plaintiff realleges the paragraphs above.

**ANSWER:**     **Defendants incorporate by reference their answers to the allegations contained in paragraphs 1 through 31 as if fully stated herein.**

33.     Plaintiff regularly worked in excess of forty hours in a workweek and he was paid some overtime wages, but was often not paid at all for many hours he worked in excess of 40 hours.

**ANSWER:**     **Defendants admit that Plaintiff was paid some overtime wages.  As to the remaining allegations, Defendants deny the allegations as untrue.**

34.     Defendants failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Sec 7(a)(1) of the FLSA.  29 USC 207.

**ANSWER:**     **This allegation is denied for the reason that it is untrue.**

35.     Plaintiff was damaged by Defendants' failure to pay him overtime.

**ANSWER:**     **Defendants deny that they unlawfully failed to pay overtime wages.  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

<div align="left">— FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS —</div>

WHEREFORE, Defendants request that this Court enter a judgment for no cause of action in its favor, dismissing Plaintiff's action against them with prejudice, find and declare that Plaintiff is ordered to pay the costs and attorney fees incurred by Universal Cabling Systems, Inc. and David Douma in defending this lawsuit, and that this Court provide other such relief as is equitable and in good conscience.

## COUNT III
## Alleged MWOWA Minimum Wage Violation

36.     Plaintiff realleges the paragraphs above.

**ANSWER:     Defendants incorporate by reference their answers to the allegations contained in paragraphs 1 through 35 as if fully stated herein.**

37.     Defendants failed to always pay Plaintiff the minimum wages due pursuant to the MWOWA, since it requires a specified minimum amount to be paid for each hour of work.

**ANSWER:     This allegation is denied for the reason that it is untrue.**

38.     Defendants sometimes paid nothing for hours of compensable work performed by Plaintiff.

**ANSWER:     This allegation is denied for the reason that it is untrue.**

39.     Defendants violated the MWOWA, specifically, Sections MCL 408.413 and 408.414.

**ANSWER:     This allegation is denied for the reason that it is untrue.**

40.     Plaintiff was damaged by Defendants' failure to pay him the minimum wage due by MWOWA.

9

**ANSWER:**      **Defendants deny that they failed to pay Plaintiff minimum wage due under the Michigan Workforce Opportunity Wage Act. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

WHEREFORE, Defendants request that this Court enter a judgment for no cause of action in its favor, dismissing Plaintiff's action against them with prejudice, find and declare that Plaintiff is ordered to pay the costs and attorney fees incurred by Universal Cabling Systems, Inc. and David Douma in defending this lawsuit, and that this Court provide other such relief as is equitable and in good conscience.

## COUNT IV
### Alleged MWOWA Overtime Violation

41.      Plaintiff realleges the paragraphs above.

**ANSWER:**      **Defendants incorporate by reference their answers to the allegations contained in paragraphs 1 through 40 as if fully stated herein.**

42.      Defendants failed to always pay Plaintiff the wages due pursuant to the MWOWA for all hours worked in excess of 40 hours per week.

**ANSWER:**      **This allegation is denied for the reason that it is untrue.**

43.      Defendants violated MCL 408.414a.

**ANSWER:**      **This allegation is denied for the reason that it is untrue.**

44.      Plaintiff was damaged by Defendants' failure to pay him the overtime pay due by the MWOWA.

**ANSWER:**      **Defendants deny that they failed to pay Plaintiff minimum wage due under the Michigan Workforce Opportunity Wage Act. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

WHEREFORE, Defendants request that this Court enter a judgment for no cause of action in its favor, dismissing Plaintiff's action against them with prejudice, find and declare that Plaintiff is ordered to pay the costs and attorney fees incurred by Universal Cabling Systems, Inc. and David Douma in defending this lawsuit, and that this Court provide other such relief as is equitable and in good conscience.

**COUNT V**
**Alleged Breach of Contract**

45.     Plaintiff realleges the paragraphs above.

**ANSWER:     Defendants incorporate by reference their answers to the allegations contained in paragraphs 1 through 44 as if fully stated herein.**

46.     Defendants' initial offer of employment was to pay Plaintiff $16.50 per hour, which was, by agreement, increased to $19.50 per hour.

**ANSWER:     Defendants admit that they paid Plaintiff $16.50 per hour for compensable hours worked and then $19.50 per hour for compensable hours work. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

47.     Plaintiff accepted these terms of employment.

**ANSWER:     Defendants admit that they paid Plaintiff $16.50 per hour for compensable hours worked and then $19.50 per hour for compensable hours work. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

48.     The agreed upon hourly rate of pay was paid at the agreed upon rate, except for many hours, typically travel time to and from the customer location and the company's facility, where Defendants failed to pay anything, breaching the contract regarding the hourly pay amount.

**ANSWER:**    **Defendants admit that Defendant Universal Cabling Systems, Inc. paid Plaintiff at an agreed upon hourly rate for compensable hours worked. As to the remaining allegations, Defendants deny the allegations as untrue.**

WHEREFORE, Defendants request that this Court enter a judgment for no cause of action in its favor, dismissing Plaintiff's action against them with prejudice, find and declare that Plaintiff is ordered to pay the costs and attorney fees incurred by Universal Cabling Systems, Inc. and David Douma in defending this lawsuit, and that this Court provide other such relief as is equitable and in good conscience.

## COUNT VI
### Alleged Unjust Enrichment

49.    Plaintiff realleges the paragraphs above.

**ANSWER:**    **Defendants incorporate by reference their answers to the allegations contained in paragraphs 1 through 48 as if fully stated herein.**

50.    Defendants failed to pay the agreed upon rate of pay per hour for all hours worked by Plaintiff.

**ANSWER:**    **This allegation is denied for the reason that it is untrue.**

51.    Plaintiff conferred a benefit on Defendants of the value of his services, which was initially agreed to be $16.50 per hour and then increased to $19.50 per hour (for non-overtime hours).

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

52.    Defendants were aware of receipt of that benefit.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.**

12

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

53.     When Defendants failed to pay for all hours worked, Defendants retained that benefit under circumstances in which it would be unjust for them to retain that benefit.

**ANSWER:    This allegation is denied for the reason that it is untrue.**

WHEREFORE, Defendants request that this Court enter a judgment for no cause of action in its favor, dismissing Plaintiff's action against them with prejudice, find and declare that Plaintiff is ordered to pay the costs and attorney fees incurred by Universal Cabling Systems, Inc. and David Douma in defending this lawsuit, and that this Court provide other such relief as is equitable and in good conscience.

### COUNT VII
### Alleged Violation of the FLSA – Retaliation

54.     Plaintiff realleges the paragraphs above.

**ANSWER:    Defendants incorporate by reference their answers to the allegations contained in paragraphs 1 through 53 as if fully stated herein.**

55.     Plaintiff complained to Defendants on multiple occasions that Plaintiff was entitled to be paid for the time driving from the company's facilities in Grand Rapids where the Plaintiff started his work day to the location of job sites, drives between customer locations and the drive to return the vehicle to the company facility at the end of the work day.

**ANSWER:    This allegation is denied for the reason that it is untrue.**

56.     Plaintiff also complained constantly that he could not access the program that allowed him to view his pay stubs to determine how his pay was being determined, but Defendant Douma constantly made excuses or otherwise dodged these requests for access.

**ANSWER:    This allegation is denied for the reason that it is untrue.**

57.    Defendant Douma would get angry when Plaintiff would question the pay practice of not paying for driving time or otherwise shorting overtime hours worked.

**ANSWER:    This allegation is denied for the reason that it is untrue.**

58.    Upon information and belief, Defendants' decision to terminate Plaintiff's employment was motivated at least in part because he complained about the wages and issues with access to records.

**ANSWER:    This allegation is denied for the reason that it is untrue.**

59.    Defendants retaliated against Plaintiff in violation of 29 USC 215 by terminating Plaintiff's employment, or otherwise discriminating against Plaintiff, in whole or part because of Plaintiff's complaints.

**ANSWER:    This allegation is denied for the reason that it is untrue.**

60.    Plaintiff was damaged by Defendants' retaliation including but not limited to lost wages, lost benefits and emotional damages.

**ANSWER:    This allegation is denied for the reason that it is untrue.**

WHEREFORE, Defendants request that this Court enter a judgment for no cause of action in its favor, dismissing Plaintiff's action against them with prejudice, find and declare that Plaintiff is ordered to pay the costs and attorney fees incurred by Universal Cabling Systems, Inc. and David Douma in defending this lawsuit, and that this Court provide other such relief as is equitable and in good conscience.

14

Respectfully submitted,

FOSTER SWIFT COLLINS & SMITH, PC
Attorneys for Defendants

Dated:  October 18, 2018                    By:  /s/ Karl W. Butterer
                                               Andrew C. Vredenburg (P45359)
                                               Karl W. Butterer (P51448)
                                               1700 East Beltline, N.E.
                                               Suite 200
                                               Grand Rapids, Michigan  49525
                                               (616) 726-2200

# **AFFIRMATIVE DEFENSES**

Defendants, by and through their attorneys, Foster Swift Collins & Smith, PC, rely upon one or more of the following affirmative defenses at the time of trial herein:

1.      Without admitting that Plaintiff is entitled to any relief, at all material times, pursuant to 29 U.S.C. §§ 259 and 254, any act or omission complained of was in good faith and conformity with and in reliance on written administrative regulations, order, ruling, approval, or interpretation of the Secretary of Labor.

2.      Without admitting that Plaintiff is entitled to any relief, at all material times, Defendants had reasonable grounds to believe in good faith that they were not violating the Fair Labor Standards Act, and Plaintiff is not entitled to liquidated damages.  29 U.S.C. § 260.

3.      To the extent that Plaintiff seeks relief based on actions accruing more than two years prior to the filing of the Complaint, some or all of Plaintiff's claims are barred by the applicable statute of limitations.

4.      Without admitting any violation whatsoever, any alleged violations were not willful.  29 U.S.C. § 255(a).

15

5. Without admitting that Plaintiff is entitled to any relief, in the event Plaintiff is to be awarded any sum, Defendants are entitled to a setoff against said sum for any amounts paid by Defendants to the Plaintiff for hours not worked by Plaintiff.

6. Plaintiff's claims are barred by the equitable doctrines of estoppel, unclean hands, fraud, and laches.

7. Plaintiff's claims are barred by a contractually shortened statute of limitations.

8. Plaintiff's claims are barred for the reason that Plaintiff's exclusive remedy is the grievance procedure under the February 1, 2017, Collective Bargaining Agreement between the Communications Workers of America AFL-CIO and Universal Cabling Systems, Inc., and the claims are otherwise barred by the Federal Arbitration Act, 9 U.S.C. Sec. 1, et seq.

WHEREFORE, Defendants request that this Court enter a judgment for no cause of action in its favor, dismissing Plaintiff's action against them with prejudice, find and declare that Plaintiff is ordered to pay the costs and attorney fees incurred by Universal Cabling Systems, Inc. and David Douma in defending this lawsuit, and that this Court provide other such relief as is equitable and in good conscience.

<div style="margin-left:40%">

Respectfully submitted,

FOSTER SWIFT COLLINS & SMITH, PC
Attorneys for Defendants

</div>

Dated: October 18, 2018

<div style="margin-left:40%">

By: /s/ Karl W. Butterer
    Andrew C. Vredenburg (P45359)
    Karl W. Butterer (P51448)
    1700 East Beltline, N.E.
    Suite 200
    Grand Rapids, Michigan 49525
    (616) 726-2200

</div>

—FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS—

# DEMAND FOR TRIAL BY JURY

Defendants, Universal Cabling Systems, Inc. and David Douma, by and through their attorneys, Foster Swift Collins & Smith, PC, hereby demand a trial by jury in this matter.

Respectfully submitted,

FOSTER SWIFT COLLINS & SMITH, PC
Attorneys for Defendants

Dated:  October 18, 2018

By: _/s/ Karl W. Butterer_____
       Andrew C. Vredenburg (P45359)
       Karl W. Butterer (P51448)
       1700 East Beltline, N.E.
       Suite 200
       Grand Rapids, Michigan  49525
       (616) 726-2200

81755:00006:3904242-1

—FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS—