UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JOHN LOMAX,　　　　　　　　　　　　　　Case No. 1:18-cv-898

　　　　　Plaintiff,　　　　　　　　　　　　Honorable: Janet T. Neff

v.

UNIVERSAL CABLING SYSTEMS, INC.
And DAVID DOUMA.

　　　　　Defendants.

---

Gregory J. McCoy (P51419)　　　　　　　Karl W. Butterer (P51448)
CUNNINGHAM DALMAN, P.C.　　　　　FOSTER SWIFT COLLINS & SMITH PC
Attorneys for Plaintiff　　　　　　　　　　Attorneys for Defendant
321 Settlers Road, P.O. Box 1767　　　　1700 East Beltline, N.E., Suite 200
Holland, Michigan 49423　　　　　　　　Grand Rapids, Michigan 49525
(616) 392-1821　　　　　　　　　　　　(616) 726-2200

---

## **FIRST AMENDED COMPLAINT**

There was a prior civil action
arising out of the transaction or
occurrence alleged in the Complaint.

　　This First Amended Complaint is filed by Plaintiff, John Lomax, ("Plaintiff"), by and through his undersigned counsel brings this Complaint against the Defendants, Universal Cabling Systems, Inc. ("Universal") and David Douma, an individual ("Douma"), (collectively referred to as "Defendants"), as follows:

### I.　　INTRODUCTION

1.　　This is an action by Plaintiff against his former employer for violation of the Fair Labor Standards Act ("FLSA") for failure to pay all wages owed by the FLSA.

2.　　In addition, Plaintiff complains that Defendants retaliated against Plaintiff in violation of 29 USC 215 by terminating Plaintiff's employment, or otherwise

1

      discriminating against Plaintiff, in whole or part because Plaintiff complained to Defendants regarding the failure of the Defendants to follow applicable wage laws.

3. These violations of the law by Defendants were knowing, deliberate and willful.

## II. JURISDICTION AND VENUE

4. This action arises in part under 29 U.S.C. § 201, et. seq. of the FLSA. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b).

5. Upon the information and belief of Plaintiff, is covered by the FLSA's Enterprise Coverage.

6. Defendant Universal is believed to have annual gross sales of more than $500,000.

7. Defendant Universal is engaged in commerce, the production of goods for commerce or have employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person. 29 USC 203.

8. In addition, the work performed was sometimes outside the State of Michigan, since some of the work was performed in Indiana.

9. In the alternative, even if Defendant Universal's gross income did not reach $500,000.00, the Plaintiff has Individual Coverage via his job duties and their relationship with interstate commerce since, among other things, it involved the installation of cabling intended for interstate communications, and he performed work out-of-state.

10. Defendant Universal is a Michigan corporation headquartered in Grand Rapids, MI, so venue is proper in the Western District of Michigan. 28 USC 1391.

### III.     PARTIES AND GENERAL ALLEGATIONS

11. Plaintiff was an employee of Defendants from the period March, 2016 until December 12, 2017. 29 USC 203(e); 29 USC 203(g).

12. Defendant Universal was an employer of Plaintiff as defined by the FLSA and 29 USC 203(d).

13. Defendant Douma is the President, owner and manager of Defendant Universal.

14. Defendant Douma is an "employer" of Plaintiff under the FLSA and has joint and several liability under FLSA since he has operational control of Universal, he makes all or substantially all decisions regarding payment of wages to employees, and he acts directly in the interests of Universal in relation to its employees, including Plaintiff. 29 USC 203(d); MCL 408.412.

15. Beginning on or about August, 2016, the Plaintiff was directly hired by Defendant Universal, after previously working with Defendants, who was a joint employer, through a temporary agency starting in March, 2016.

16. Once working directly with Defendants, it was agreed Plaintiff would work at a specified hourly rate, which was initially $16.50 per hour and increased to $19.50 per hour.

17. The work primarily involved installing phone and computer cables at various customers throughout the State of Michigan.

18. There were many work weeks where Plaintiff worked in excess of 40 hours, and he was paid nothing for many of the overtime hours or was not paid an overtime premium for hours in excess of 40 hours.

19. These violations of the law by Defendants were knowing, deliberate and willful.

20. When Plaintiff complained constantly to Defendants about the failure to pay a proper wage the relationship between him and Defendant Douma changed considerably and he was often berated by Defendant Douma and ultimately terminated for a correctable error.

## Count I – FLSA Minimum Wage Violation

21. Plaintiff realleges the paragraphs above.

22. Defendants failed to pay for all hours worked by Plaintiff.

23. The FLSA requires an employer to pay at least $7.25 "an hour".  29 USC 206.

24. For example, Plaintiff would often not receive any pay for his drive time in the company vehicle used to transport tools and materials to and from the Defendant's facility in Grand Rapids to customer locations.

25. Defendants may have also failed to pay for work time at customer locations since Defendant Douma sometimes set unstated and arbitrary thresholds of how much overtime he wanted to pay, and just lopped off all hours in excess of that threshold.

26. This driving to and from the Defendant's facilities to the customer's location was compensable time.

27. By failing to pay anything for each hour of compensable time, Plaintiff was paid zero, which is less than the minimum wage.

28. Defendants violated the FLSA by failing to pay the required minimum for all hours worked.  29 USC 206.

**WHEREFORE**, Plaintiff demands a judgment against Defendants for the following:

    (a)    Wages found to be due and owing;

    (b)    An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

    (c)    Prejudgment interest;

    (d)    A reasonable attorney's fee and costs; and,

    (e)    Such other relief as the Court deems just and equitable.

### Count II – FLSA Overtime Violation

29. Plaintiff realleges the paragraphs above.

30. Plaintiff regularly worked in excess of forty hours in a workweek and he was paid some overtime wages, but was often not paid at all for many hours he worked in excess of 40 hours or Defendants failed to pay the overtime premium.

31. Defendants failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Sec 7(a)(1) of the FLSA.   29 USC 207.

32. Plaintiff was damaged by Defendants' failure to pay him overtime.

**WHEREFORE**, Plaintiff demands a judgment against Defendants for the following:

    (a)    Wages found to be due and owing;

  (b)  An additional equal amount equal to the unpaid wages found to be due and owing as liquidated damages;

  (c)  Prejudgment interest;

  (d)  A reasonable attorney's fee and costs; and,

  (e)  Such other relief as the Court deems just and equitable.

### Count V – Violation of the FLSA - retaliation

33. Plaintiff realleges the paragraphs above.

34. Plaintiff complained to Defendants on multiple occasions that Plaintiff was not being paid for all hours worked, including being entitled to be paid for the time driving from the company's facilities in Grand Rapids where the Plaintiff started his work day to the location of job sites, drives between customer locations and the drive to return the vehicle to the company facility at the end of the work day.

35. Plaintiff also complained constantly that he could not access the program that allowed him to view his pay stubs to determine how his pay was being determined, but Defendant Douma constantly made excuses or otherwise dodged these requests for access.

36. Defendant Douma would get angry when Plaintiff would question the pay practice of not paying for driving time or otherwise shorting overtime hours worked.

37. Upon information and belief, Defendants' decision to terminate Plaintiff's employment was motivated at least in part because he complained about the wages and issues with access to records.

38. Defendants retaliated against Plaintiff in violation of 29 USC 215 by terminating Plaintiff's employment, or otherwise discriminating against Plaintiff, in whole or part because of Plaintiff's complaints.

39. Plaintiff was damaged by Defendants' retaliation including but not limited to lost wages, lost benefits and emotional damages.

**WHEREFORE**, Plaintiff demands a judgment against Defendants for the following:

(a) Damages found to be due and owing for lost wages, lost benefits and emotional damages;

(b) An additional equal amount equal to the lost wages and benefits, and emotional damages found to be due and owing, as liquidated damages;

(c) Prejudgment interest; and

(d) Such other relief as the Court deems just and equitable.

Cunningham Dalman, PC

Dated: February 22, 2019

/S/ Gregory J. McCoy
Gregory J. McCoy (P51419)
Attorneys for Plaintiffs
321 Settlers Road
Holland, MI 49423
(616) 392-1821